UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WHITNEY LANE HOLDINGS, LLC,

                              Plaintiff,          <u>MEMORANDUM & ORDER</u>
                                                  08-CV-2966(JS)(AKT)
          -against-

SGAMBETTERA & ASSOCIATES, P.C. and
MATTHEW SGAMBETTERA,

                              Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Kim I. McHale, Esq.
                    Kim I. McHale & Associates, P.C.
                    302 Fifth Avenue, 8th Floor
                    New York, NY 10001

For Defendants:     Matthew J. Sgambettera, Esq.
                    Sgambettera & Associates
                    P.O. Box 1550
                    Clifton Park, NY 12065

SEYBERT, District Judge:

          Pending before the Court is Defendants' letter dated
September 23, 2011, "request[ing] approval for the Defendants to
file a Summary Judgment Motion." (Docket Entry 64.) For the
following reasons, Defendants' request is DENIED.

          Defendants state that "it now appears that the
deadline to file a Summary Judgment Motion has lapsed[, and]
Judge Tomlinson further informed the Defendants that they make a
letter request to your Honor seeking approval to file their
summary judgment motion." (<u>Id.</u>) This is a <u>gross</u>
mischaracterization of what transpired at the September 22, 2011

status conference before Magistrate Judge A. Kathleen Tomlinson. Therefore, the Court will briefly discuss the procedural posture of this case before turning to Defendants' request.

BACKGROUND

Judge Tomlinson, in an order dated June 27, 2011, set forth, *inter alia*, outstanding scheduling deadlines: "letter request for pre-motion conference to Judge Seybert (after exchange of Rule 56.1 Statements) must be filed on ECF by August 1, 2011; Joint Pretrial Order due by September 1, 2011; Pretrial Conference, September 8, 2011 at 2:30p.m." (Docket Entry 61.) Neither party filed a pre-motion conference letter or pretrial order by the dates prescribed, and neither party appeared for the September 8 conference.[1] On September 8, after the parties failed to appear or contact chambers to request an adjournment, Judge Tomlinson ordered the parties to "set[] forth their reasons for their non-compliance" in a letter to be filed by September 12, 2011. Plaintiff's counsel responded apologizing for her "oversight," (Docket Entry 63), and Defendants stated that they "misunderstood" the scheduling order (Docket Entry 62). A conference was held before Judge Tomlinson on September 26, 2011 to discuss the parties' repeated failure to comply with scheduling orders. During the conference, Defendants requested

---

[1] This is not the first time that the parties have failed to appear for a conference scheduled before Judge Tomlinson. (See Nov. 23, 2009 Electronic Order.)

an extension of the previously-extended deadline to file a letter request for a pre-motion conference. Judge Tomlinson denied the request. (Docket Entry 65.)

Defendants then filed the above-mentioned letter (Docket Entry 64) asking the Court to set a briefing schedule for summary judgment, as if Judge Tomlinson had granted their request to extend the deadline to seek a pre-motion conference. Notwithstanding Defendants repeated and flagrant disregard of Judge Tomlinson's orders, this Court will construe Defendants' request as an appeal of Judge Tomlinson's order denying Defendants' request to amend the scheduling order.

## DISCUSSION

District courts review nondispositive orders issued by a magistrate judge for clear error. FED. R. CIV. P. 72(a). Here, Judge Tomlinson denied Defendants' request for an extension of the deadline in the scheduling order because "[n]o request for such an extension was made before the deadline expired and counsel has not made the requisite showing of good cause to obtain further extension."

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Accord Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). "Good cause has been defined to mean that scheduling deadlines cannot be met despite a party's diligence.

In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

Here, Defendants' sole rationale for failing to comply with the scheduling order was that they "misunderstood" it. (Docket No. 62.) Judge Tomlinson held that this was insufficient to establish "good cause," and the Court agrees. Additionally, the Court finds Defendants' rationale disingenuous: First, because the language of the scheduling order at issue could not have been more clear, and, second, because this is not the first time Defendants have ignored a scheduling order.

## CONCLUSION

Finding no clear error, Judge Tomlinson's order denying Defendants' request to extend the deadline for filing a pre-motion conference letter is AFFIRMED, and Defendants' appeal of that order is DENIED. The Court will not hold a pre-motion conference or set a briefing schedule for summary judgment, as any motion for summary judgment will be denied as untimely. See, e.g., Bascom v. Dubin, No. 06-CV-6159, 2007 WL 210390, at *1 n.1 (W.D.N.Y. Jan. 25, 2007) (refusing to entertain motion for summary judgment that was filed a month after the date prescribed in the scheduling order); NAS Elecs., Inc. v.

4

Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) ("The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment."). The parties are warned that filing a motion for summary judgment at this stage, knowing that doing so will be futile and frivolous, may result in sanctions.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    October 4, 2011
          Central Islip, NY